Patterson vs. Brock.

PATTERSON vs. BROCK.

1. Patterson was security for one Nowell, in a note given to Brock, who recovered judgment

against both, and had execution accordingly. The execution was levied upon Nowell's land, and stayed by Brock's order, and not renewed until after the statutory lien had expired, and that of another judgment attached. Nowell became insolvent, and a subsequent execution was run against Patterson. The execution, in such case, will not be enjoined. The petition nowhere alleged that Brock *knew* that Patterson was but a security. Brock had a right to treat the judgment as a joint one, or as joint and several, and to exercise his own discretion respecting its collection, at least, until the alleged security took proper steps to make known his true character.

## APPEAL from Washington Circuit Court.

JOHNSON for appellant.

I. In this case, Brock the creditor, not only released the levy of the execution upon the land of the principal, which, if sold, would have discharged the debt, but he suffers the time of the judgment to expire, and the land was sold under a junior judgment. There is no clearer rule of law than that where the creditor has the means of satisfaction in his hands, and chooses not to retain it, but suffers it to pass into the hand of the principal, the surety cannot be called on: Conroth vs. Miller's Ex'rs. 8 Serg. & Rawl, 487; Conroth, use of Bellas vs. Hoas et al., 16 Serg. & Rawl, 252; Neff's appeal, 9 Watts & Searg., 43.

The cases go further, and hold the surety discharged whether the creditor has the means of satisfaction *actually* or *potentially*; Neff's appeal, 9 Watts & Searg. 43; or whether he held them at the time the surety became bound, or had acquired them since, even without the knowledge or privity of the surety: Salmon vs. Claggett, 3 Bland Chan. R., (Md.) 173.

II. The ground upon which the courts relieved a surety is, that he has a right, at any time, by paying off the debt to be substituted, to all the remedies, liens and securities ever possessed by the creditor: New York S. Bank vs. Fletcher, 5 Wend. 83; Salmon vs. Clagget, 3 Bland's C. R., 173; Neff's ap., 9 Watts & Searg., 43. Now suppose, when Brock issued his execution the last time, the surety had come forward, paid the debt and asked to be subrogated to all the liens and securities possessed by Brock, his demand could not be complied with. Brock had voluntarily and without the consent of the surety released the levy and lost the lien, and the land was taken by a junior judgment. It is true, the judgment could be assigned to the surety, but it would be a judgment without a lien—binding nothing—no security whatever. Can a creditor, who thus parts with a sufficient levy—a levy, too, in which the surety has a direct interest, be permitted to force the money out of the surety? As remarked by Chancellor Kent, in the case of Hayes vs. Ward, "the very taking of that security (obtaining judgment, issuing execution and making a levy) may have excited confidence in the surety and lulled him to sleep and deprived him of taking other and sound security for his own eventual responsibility, until it was too late, and the rights of third persons had intervened. This consideration renders it an act of benevolence and equity, and imposes it as an obligation upon the creditor who takes a security from the principal to hold it impartially and justly. A security so taken by the creditor is taken and held in trust as well for the secondary interest of the surety, as for the more direct and immediate benefit of the creditor, and the latter must be no wilful act, either to poison it in the first instance or to destroy or cancel it afterwards:" 4 John. Ch. R. 129.

III. The reason of this case is as strong as many others which have held the surety discharged. It is held that if the creditor, having a mortgage on land executed by the principal, though the land lies in another State, and he renders the same unavailable, the surety will be discharged: Post vs. Mackall, 3 Bland's Ch. R. (Md.) 517; Hays vs Ward, 4 John Ch. R., 128. So to get judgment against the principle, and enter a stay of execution, discharges the surety:

State, use of Barber vs. Hammond's Ex'rs, 6 Gill & Johns., (Md.) Rep., 168. So when the law gave the creditor the privilege to be satisfied first out of the avails of the execution, and he neglected to do so, and pursued the surety, the court held the surety discharged: Lichlen thaler vs. Thompson, 13 Searg. & Rawl, 158. So, also, if the creditor releases a levy made upon the goods of a defendant principal, the surety is discharged to the value of the goods released. The commonwealth use of Bellas vs. Hoas et al., 16 Serg. & Rawl., 252, passim. The case of Ferguson vs. Turner, 7 Mo. R., 498, is very strong that when a creditor surrenders a specific lien (which in that case was an execution in the hands of the sheriff) by which the debt was perfectly secured and without consent of the security, the surety was discharged.

IV. Had Brock's execution been levied upon the goods of Nowell (the principal) and he had released the levy it is clear, from the case of Ferguson and Turner, the court would discharge the surety. Can it make any difference that the levy released was on realty and not personalty? In either case, the lien is lost, and the surety is as much injured as if goods had been levied on and then released. The debt was secured by the levy on the principal's land; the security had a direct interest that the same should be sold and the proceeds applied to the extinguishment of the debt. No real difference exists between this case and that of Ferguson vs. Turner.

BIRCH, J., delivered the opinion of the court.

By petition, under the new practice act, the plaintiff alleged that he had been security for one Nowell, in a bond or note given to the defendant, who recovered judgment against both of them and had execution accordingly. That after the execution had been levied upon Nowell's land, it was stayed by order of the defendant (who was plaintiff in the suit at law) and not renewed until after the statutory lien had expired, and that of another judgment attached. Subsequent to this, another execution was issued against Nowell and the petitioner; and it being alleged by the petitioner that Nowell has become insolvent, he makes the point and prayer, that as the plaintiff in the original execution (defendant here) saw fit, without the knowledge or consent of the petitoner. to forfeit the lien he had acquired upon the land of the alleged principal in the note, he be enjoined and restrained against proceeding further against the alleged security, who is the plaintiff in this suit.

We concur with the circuit court, that there was nothing upon the face of the petition in this case, which in any respect entitled the plaintiff to the consideration or the relief he prays for. Passing by other obvious insufficiencies, it is deemed enough that the petition nowhere alleges that the plaintiff at law ever *knew*, or had even reason to suppose, before he was apprised of it by the present petitioner for relief, that one of the obligors in the bond or note sued on was but a security, instead of a joint obligor, as the judgment obtained against both imported him to have been. The plaintiff had consequently a right, so far as appears to the contrary, to treat the judgment as a joint one, or as being joint and several, and to exercise his own discretion respecting

its collection, at least until the alleged security took proper steps to make known his true character, with a view either to divest the discretion alluded to, or (if not) to absolve himself from contingent or ultimate liability.

The judgment of the circuit court is therefore affirmed and the petition dismissed.